Jamie L Arango, Ne #25606
4546 S 86th St, Ste A
Lincoln, Ne 68526
Telephone: 402-853-6360
arangolawllc@outlook.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF
## NEBRASKA

|  |  |
|---|---|
| **Ernesto Cortes Fernandez,** | Case No. _____ |
| (A240 103 126) | |
| Petitioner, | **Petition for Writ of** |
| | **Habeas Corpus** |
| v. | |
| Todd Lyons, Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; Allen Gill,Deputy Director, U.S. Immigration & Customs Enforcement, Omaha ICE Field Office Director; Kristi Noem, Secretary, Department of Homeland Security; Pam Bondi, Attorney General, United States; Jerome Kramer, Sheriff of Lincoln County, Nebraska. | |
| Defendants. | |

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

Petitioner respectfully petitions this Honorable Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents, as follows:

## INTRODUCTION

1.    Petitioner Ernesto Cortes Fernandez, 240 103 126, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Lincoln County detention center located at 302 N Jeffers St, North Platte, Nebraska, pending removal proceedings.

2.    Petitioner is being harmed by the Defendant's policy which incorrectly interprets the Immigration and Nationality Act to require mandatory detention and strips immigration judges of the jurisdiction to grant bond under the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(a), and for bond hearings under 8 C.F.R. §1003.19(a), 1236.1(d). Arguing that pursuant to their new policy, Defendants are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), without the opportunity for release on bond during the pendency of the lengthy removal proceedings.

3.    The Petitioner has been present in the United States for more than twenty-five years. He has minor criminal convictions in the United States.

4.    In review of these facts, on July 29, 2025. Honorable Alexandra

2

Larsen granted the Petitioner a bond in the amount of $12,000.

5.     The Petitioner attempted to post bond on July 29, 2025 and the bond payment was refused.  The Department of Homeland Security will not permit the bond to be posted and refuses to release the Respondent.

6.     The Defendant's filed a notice of intent to appeal the bond on July 29, 2025, with a simple form.  Attached to the notice is a statement that "the evidentiary record supports the contentions justifying the continued detention of the alien and the legal arguments are wanted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing precedent or the establishment of new precedent....premised on the alien being subject to mandatory detention pursuant to 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c).

7.     The Petitioners continued detention violates the plain language of the INA and its implementing regulations.

8.     There is no intervening "precedent" cited by the Defendants in their notice of intent to appeal.

9.     INA § 236(c) applies to criminal aliens and the Petitioner is not a criminal alien.

## JURISDICTION AND VENUE

10.    Petitioner is detained in the custody of Respondents at Lincoln County Jail in North Platte, Nebraska.

11.    Jurisdiction is proper under 28 U.S.C. §§ 1331, 2241; the Suspension Clause, U.S. Const. art. I, § 2; and 5 U.S.C. § 702.

12.    Petitioner's case arises under 28 U.S.C. § 2241, and further arises under the INA, 8 U.S.C. § 1101-1538, and its implementing regulations; the APA, 5 U.S.C. §§ 500-596, 701-706; and the U.S. Constitution.

13.    The Court may grant relief pursuant to 28 U.S.C. § 2241; the Declatory Judgments Act, 28 U.S.C. § 2201; the APA, 5 U.S.C. §§ 702, 706; the All Writs Act, 28 U.S.C. § 1651; Federal Rules of Civil Procedure 65; and the Court's inherent equitable power.

14.    Venue is proper in this District under 28 U.S.C. § 1391 because Respondents, Allen Gill and Jerome Kramer are in this District, the Petitioner is detained in this District, the Immigration Court in this district has jurisdiction over Petitioner's immigration case, and a substantial part of the

4

events giving rise to the claims in this action took place in
this District.

## PARTIES

15.     Petitioner, Ernest Cortes Fernandez, is a noncitizen
currently detained by Respondents pending removal
proceedings.

16.     Respondent Todd Lyons is the Director of Immigration and
Customs Enforcement, which has administrative jurisdiction over
Petitioner's case. He is Petitioner's legal custodian and is named in
her official capacity.

17.     Respondent Kristi Noem is the Secretary of the U.S.
Department of Homeland Security ("DHS"), an agency of the United
States. She is responsible for the administration of the immigration
laws. 8 U.S.C. § 1103(a). Secretary Noem is a legal custodian of
Petitioner. He is named in his official capacity.

18.     Respondent Pam Bondi is the Attorney General of the United
States and the most senior official in the U.S. Department of Justice
("DOJ"). She has the authority to interpret the immigration laws and
adjudicate removal cases. The
Attorney General delegates this responsibility to the Executive
Office for Immigration Review ("EOIR"), which administers the

immigration courts and the Board of Immigration Appeals ("BIA").
She is named in his official capacity.

19.    Respondent Jerome Kramer is the Sheriff of the facility
where Petitioner is held. He is a legal custodian of Petitioner and is
named in his official capacity.

20.    Respondent Allen Gill is the Assistant Field Office Director
for the Omaha Immigration and Customs Enforcement,
Enforcement and Removal Operations, who has direct control over
the Petitioner's detention and is named in his official capacity.

## STATEMENT OF FACTS

21.    Petitioner is a noncitizen currently detained by Respondents
pending the government's appeal of the Immigration Judges
decision, granting the Petitioner's request for bond redetermination.

22.    Petitioner was initially detained by ICE on June 29, 2025
following a work place raid at Glenn Valley Foods in Omaha,
Nebraska.

23.    Petitioner has resided in the United States since 1997. He has
three U.S. citizen children.

24.    The Petitioner filed a motion for bond redetermination.

25.    The Immigration Judge granted a bond in the amount of
$12,000.

6

26.    The government filed a notice of intent to appeal invoking a
mandatory stay of the bond on July 29, 2025.

27.    The filed a bond appeal on August 5, 2025.

28.    The Petitioner attempted to post bond and was not allowed.

29.    The Defendant's have refused to release the Respondent
from custody.

## LEGAL BACKGROUND

30.    The INA describes three forms of detention that cover most
noncitizens in removal proceedings.

31.    8 U.S.C. § 1226 authorized the detention of noncitizens in
standard removal proceedings before an IJ. See 8 U.S.C. § 1229a.
Individuals in § 1226(a) detention are entitled to a bond hearing at
the outset of their detention, see 8 C.F.R. § 1003.19(a), 1236.1(d),
while citizens who have been arrested, charged with, or convicted of
certain crimes are subject to mandatory detention until their removal
proceedings are concluded, see 8 U.S.C. § 1226(c).

32.    The INA also provides for mandatory detention for classes of
noncitizens subject to expedited removal under 8 U.S.C. §
1225(b)(1) and for other recent arrivals "seeking admission"
pursuant to 8 U.S.C. § 1225(b)(2).

33.    The then the INA provides that noncitizens who have received

a final order of removal from the 8 U.S.C. § 1231(a)-(b).

34.    INA § 1226 (a) and § 1225(b)(2) are the detention sections
which began as part of the Illegal Immigration Reform and
Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-
208, Div. C, §§ 302-03, 110 Stat. 3009-546, 3009-582 to 3009-583,
3009-585.  Section 1226 was amended by the Laken Riley Act, Pub.
L. No. 119-1, 139 Stat. 3 (2025).

35.    Now the Defendants are adopting a new policy and
interpretation contrary to the statute.  An unpublished Board of
Immigration Appeals decision was issued finding that all
noncitizens who entered the United States without admission or
parole were suddenly applicants for admission, and therefore
ineligible for admission, and therefore ineligible for bond.

36.    In the Petitioners case the Chief Counsel of the Office of the
Principal Legal Advisor certified that the Defendant's were going to
premise their argument on the alien being subject to mandatory
detention under INA 236(c) which only applies to criminal aliens,
which he is not.  He has minimal criminal history in the United
States and none that make him subject to the mandatory detention
statutes.  The IJ found him eligible for bond under INA § 236.
There does not appear to be any new interpretation under INA § 236

8

by the Court or the Defendant so it is unclear how that could be the Defendant's basis to seek an automatic stay.

37.     Under 8 C.F.R. § 1003.6(c) DHS (the Defendant) can invoke an automatic stay pursuant to 8 C.F.R. § 1003.19(i)(2) if they file a notice of appeal with board within ten days along with a certification that a senior legal official as approved the notice of appeal according to review procedures and the official is satisfied that the contentions justifying the continued detention of the alien have evidentiary support, and they are warranted by a non-frivolous argument for the extension, modification, or reversal of existing precedent or the establishment of new precedent.

38.     The certification states that "may be premised on the alien being subject to mandatory detention pursuant to 236(c).

39.     The Defendants do not argue mandatory detention under section 236(c) they are instead arguing mandatory detention under INA § 235(b)(2)(A). Thus the certification is invalid.

40.     The Defendant's notice of appeal does not state any new precedent. In fac the only precedent listed in the notice of appeal are *Jennings v. Rodriguez*, 583 U.S. 281, 287(2018) and *Matter of M-S-*, 27 I&N Dec. 509. Therefore, again there is no certifiable reason to issue an emergency stay of the bond decision of the immigration

9

judge.

41.    On May 22, 2025, the Board of Immigration Appeals issued

an unpublished decision holding that any non-citizen who entered

the United States without admission or parole is an application for

admission, and therefore ineligible for bond under 8 U.S.C. §

1225(b)(2)(A). *See* ECF No.5-2 at EXH 4.

42.    The Board of Immigration Practice manual states that

"unpublished decisions are binding on the parties to the decision but

eh BIA does not consider unpublished decision as precedent for

unrelated cases." Thus, this is not new precedent.

43.    On July 8, 2025, Immigration and Customs Enforcement

(ICE), "in coordination with Department of Justice (DOJ),"

announced that they were rejecting the well established

precendential understanding of the statutory framework for their

own new framework. *See* ECF No. 5-2. See EXH 4.

44.    The policy is titled "Interim Guidance Regarding the

Detention Authority for Applicants for Admission," and claims that

anyone who entered the United States without inspection is subject

to mandatory detention under § 1225(b)(2)(A). *Id.* They are

applying the policy regardless of the manner of apprehension,

regardless of the time the detainee has been in the United States and

regardless of its affect on the detainees or their families.

45.    Under this interpretation all undocumented persons in the United States are now subject to mandatory detention.

46.    Multiple courts have already found this position to be unlawful and have granted relief.  The U.S. District Court for the Western District of Washington found that the governments construction of the INA is unlawful and that § 1226(a), not § 1225(b), applies to noncitizens who are not apprehended upon arrival to the United States.  *Rodriguez Vasquez v. Bostock*, No. 3:25-CV-05240-TMC,---F.Supp.3d---, 2025 WL 1193850 (W.D. Wash. Apr. 24, 2025); *see also Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *8 (D.Mass. July 7, 2025) granting habeas based on same conclusion); *Diaz Martinez v. Hyde*, No. CV 25-11613-BEM,---F.Supp. 3d---2025 WL 2084238, at *9 (D.Mass. July 24, 2025) (ordering release where noncitizen was redetained based on ICE's assertion of detention authority under § 1225(b)).

47.    The DHS and DOJ interpretations ignore the plain language of the statute as there are clear sections under which persons such as the Petitioner fall under 1226(a) not 1225 (b).  See *Rodriguez Vasquez v. Bostock*, (W.D. Wash. Apr. 24, 2025).

11

48.    Section 1226(a) clearly states that is applies to everyone "pending a decision on whether the [noncitizen] is to be removed from the United States." Specifically, removal proceedings being held under § 1229a, to "decide the inadmissibility or deportability of a []non citizen."

49.    Section 1226 clearly states that it applies to persons being charged with inadmissibility, including anyone who entered without inspection. See 8 U.S.C. § 1226(c)(1)(E). In the Laken Riley Act passed by Congress this year there is paragraph (E) which excludes persons who entered without inspection from the § 1226(a) default bond provision. There is no reason to enact the law if all persons who entered without inspection are subject to mandatory detention why make a broader class of criminal aliens who are double subject to mandatory detention? This exception only exists because persons who entered without inspection are not subject to the mandatory detention under § 1226(a).

50.    Simply looking at the statutes as whole demonstrates that there is a clear difference between and alien present in the United States and one who is arriving or recently entered and is "seeking admission". § 1225 very clearly structures itself around person arriving at the border and seeking admission. 8 U.S.C. §

1225(b)(2)(A); *see also Diaz Martinez*, 2025 WL 2084238, at *8.
The Supreme Court recognized that ""Our immigration laws have
long made the distinction between those aliens who have come to
our shores seeking admission…and those who are within the United
States after an entry, irrespective of its legality."" Leng May Ma v.
Barber, 357 U.S. 185, 187 (1958).  In the more recent case of
Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) the court detailed
that the mandatory detention scheme is "at the Nation's borders and
ports of entry where the Government must determine whether a[]
[noncitizen] seeking to enter the country is admissible.

51.    The mandatory detention provision of § 1225(b)(2) does not
apply to the Petitioner who entered the United States and was
residing here since 1997.

## **CLAIMS FOR RELIEF**

### **Violation of 8 U.S.C. § 1226(a)**

52.    Petitioner re-alleges and incorporates by reference the paragraphs above.

53.    The mandatory detention provision at 8 U.S.C. § 1225(b)(2)
does not apply to all noncitizens residing in the United States who
are subject to the grounds of inadmissibility.  In the instant matter
it does not apply to noncitizens who entered the United States
without apprehension and were later placed in removal

13

proceedings. That detention is covered under § 1226(a) and are eligible for release on bond, unless they are subject to § 1225(b)(1), § 1226(c), or § 1231.

54.    In spite of this the Petitioner is being held in detention.

## SECOND CLAIM FOR RELIEF
### Violation of the Bond Regulations, 8 C.F.R. § 236.1, 1236.1 and 1003.19 Unlawful Denial of Release on Bond

55.    Petitioner re-alleges and incorporates by reference the paragraphs above.

56.    Congress amended the INA in 1997 through IIRIRA, EOIR and what was then Immigration and Naturalization Service and issued an interim rule to interpret and apply the IIRIRA. The explanation included that "despite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered with inspection) will be eligible for bond and bond redetermination." 62 Fed.Reg. at 10323. This clearly demonstrates that persons who enter with inspection are eligible for bond under 8 U.S.C. § 1226 and implementing regulations.

57.    Yet the Petitioner is being held due to the clearly erroneous standard set by the Defendants that he is subject to mandatory detention in violation of 8 C.F.R. § 236.1, 1236.1, and 1003.19.

## THIRD CLAIM FOR RELIEF

**Violation of the Administrative Procedure Act Contrary to Law and Arbitrary and Capricious Agency Policy**

58.    Petitioner re-alleges and incorporates by reference the paragraphs above.

59.    The APA states a "reviewing court shall…hold unlawful and set aside agency action, findings, and conclusion found to be…arbitrary and capricious, an abuse of discretion or otherwise not in accordance with the law". 5 U.S.C. § 706(2)(A).

60.    The mandatory detention provision under 8 U.S.C. § 1225(b)(2) does not and could not apply to all non-citizens residing in the United States who are subject to any grounds of inadmissibility. If applied to all non-citizens it would make the rest of the mandatory detention provisions, bond provision, and parole provisions unnecessary. It specifically does not apply to an individual who was residing in the United States for over twenty years prior to being issued a warrant, arrested by Immigration and Customs Enforcement and placed in removal proceedings. That detention fall solely and squarely under § 1226(a) and as such they are eligible for release on bond unless they are subject to § 1225(b), § 1226(c), or § 1231.

61.    The Defendants have issued an emergency stay of the bond and refused to release the Petitioner without a valid explanation for their decision. Again the certification states that it is believed he is subject to mandatory detention under INA § 236 but the entire argument is based upon their new policy of

detention under § 1225(b)(2). This detention is predicated an agency change in policy an position without the agency formally or informally stating the reasons for their decisions or whether or not they considered any of the factors which Congress intended to be considered in reaching their conclusion. Furthermore, the policy (or lack thereof) has not addressed this sudden change in accepted practice for more than thirty years in an meaningful way including addressing any precedent that would allow the change in policy.

62. The application of § 1225(b)(2) is arbitrary, capricious, and is contrary to the law, and as such is violates the APA. *See* 5 U.S.C. § 706(2).

### FOURTH CLAIM FOR RELIEF
### Violation of the Administrative Procedure Act
### Failure to Observe Required Procedures

63. Petitioner re-alleges and incorporates by reference the paragraphs above.

64. APA states as stated above "reviewing court shall…hold unlawful and set aside agency action, findings, and conclusions found to be …without observance of procedure required by law." 5 U.S.C. § 706(2)(D). The APA requires a procedure of public notice-an-comment rulemaking before new regulations are enacted or amending existing regulations. See 5 U.S.C. § 553(b), (c).

65. The Defendants enactment of this policy and its departure from the APA without any rulemaking, any notice, or comment period is a failure to comply.

The rights of millions of noncitizens have been stripped from the INA without even the publication of the new rule, as required under 5 U.S.C. § 553(d).

66. The opportunity to respond and oppose the rulemaking as required by the APA would have prevented the misjustice and would have allowed for advocacy and potentially litigation that could have allowed courts to determine pre-detention whether the rule was permitted under the law.

67. The APA's notice and comment exceptions related to "foreign affairs function[s] of the United States," *id.* at § 553(a)(1), and "good cause," id. § 553(d)(3), are inapplicable.

68. The Defendants adoption of their mandatory detention, no bond policy violates the public notice-and-comment rulemaking procedures required under the APA.

## FIFTH CLAIM FOR RELIEF
### Violation of the Fifth Amendment Due Process Clause

69. Petitioner re-alleges and incorporates by reference the paragraphs above.

70. The Fifth Amendment provides that "[n]o person" shall be "deprived of life, liberty, or property, without due process of law."

71. "Freedom from imprisonment— from governments custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690(2001).

72. "The Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or

permanent." *Id*. at 693.

73.    The Defendants' mandatory detention of the Petitioner violated his right to due process.

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

1) Assume jurisdiction over this matter;

2) Issue a Writ of Habeas Corpus; requiring that Defendant's release Ernesto Cortes Fernandez from custody immediately.

3) Declare that DHS' practice of using form EOIR-43 to subject detainee's to detention after an IJ sets a bond violates the INA, its implementing regulations, and the APA.

4) Grant any other and further relief that this Court deems just and appropriate, including individual injunctions if necessary.

DATED THIS 19th of August, 2025.

Jamie L. Arango, NE #25606
4546 S 86th St, Ste A
Lincoln, NE 68526
Telephone: (402)853-6360
arangolawllc@outlook.com

## VERIFICATION

I, Jamie Arango, being duly sworn upon oath, hereby state: I

represent the Petitioner in these habeas corpus proceedings. The Ernesto Cortes Fernandez, is currently being held in detention at the Lincoln County Correctional facility, and he is not able to appear in my office to sign the Verification. I have reviewed the record of the removal proceedings, discussed this matter with the Petitioner's family, and discussed the Petitioner's detention satus with an officer of the Department of Homeland Security. I verify that the information contained in the foregoing Petition is true and correct to the best of my knowledge and belief.


Jamie L. Arango
Counsel for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, I served the foregoing Petition for Writ of Habeas Corpus and accompanying exhibits by USPS priority mail certified to the following:

Pam Bondi
U.S. Department of Justice
950 Pennsylvania Ave,
N.W. Washington, D.C.
20530

Office of the United States
Attorney District of Nebraska
1620 Dodge St, Ste 1400
Omaha, Ne 68102

Kristi Noem
Secretary, U.S. Department of Homeland Security
Washington, D.C. 20528

Allen Gill
Assistant Field Office Director Minnesota FieldOffice
Immigration and Customs Enforcement
1 Federal Dr, Ste
1340 Fort Snelling,
MN 55111

Todd Lyons,
ICE Director
500 NW 12th St SW
Washington, DC
20536

Jerome Kramer, Lincoln County Sheriff
Douglas County Department of
Corrections 302 N Jeffers St, North
Platte, NE 69101

LIST OF EXHIBITS

Exhibit 1- IJ's order July 29, 2025
Exhibit 2- Filing receipt for Government's appeal dated July 29,
and August 10, 2025
Exhibit 4- Unpublished Board of Immigration Appeals decision
dated May 22, 2025

Exhibit 1



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**OMAHA IMMIGRATION COURT**

Respondent Name:

  CORTES FERNANDEZ, ERNESTO

To:

  Thiel, Olivia
  4223 Center St
  Omaha, NE 68105

A-Number:
240-103-126
Riders:
In Custody Redetermination Proceedings

Date:
07/29/2025

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐  Denied, because

☑  Granted. It is ordered that Respondent be:
    ☐  released from custody on his own recognizance.
    ☑  released from custody under bond of $ 12,000.00
    ☐  other:

☐  Other:

*Af*

Immigration Judge: Meyer, Abby 07/29/2025

Appeal:   Department of Homeland Security:   ☐ waived   ☑ reserved
          Respondent:                        ☐ waived   ☑ reserved
Appeal Due: 08/28/2025

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : CORTES FERNANDEZ, ERNESTO | A-Number : 240-103-126
Riders:
Date: 07/29/2025 By: Akhmedova, Mavzuna, Court Staff

Exhibit 2

U.S. Department of Justice
Executive Office for Immigration Review

**Notice of ICE Intent to Appeal Custody Redetermination**

Date: _____ 7/29/25 _____

Alien Number: _____ 240103126 _____

Alien Name: _____ Ernesto CORTES FERNANDEZ _____

1.  Immigration and Customs Enforcement (ICE) has:

    ☒  a.  Held the respondent without bond.

    ☐  b.  Set the respondent's bond at $ _____ .

2.  The Immigration Judge on _____ 7/29/25 _____
                                        (Date)

    ☒  a.  Authorized the respondent's release.

    ☒  b.  Redetermined the ICE bond to $ _____ 12000 _____ .

3.  Filing this form on _____ 7/29/25 _____ automatically stays the
                              (Date)

    Immigration Judge's custody redetermination decision. See 8 C.F.R. §1003.19(i)(2).

4.  The stay shall lapse if ICE does not file a notice of appeal along with appropriate certification within ten busi-

    ness days of the issuance of the order of the Immigration Judge, or upon ICE's withdrawal of this notice, or as

    set forth in 8 C.F.R. §1003.6(c)(4) and (5).

    See 8 C.F.R. §1003.6(c)(1).

_____
ICE Counsel

I, _____ Josh Sleper, ACC _____ , served the Notice of ICE Intent to Appeal Custody Redetermination on
              (Name)

_____ Olivia Thiel    VIA   ELAS _____ , on _____ 7/29/25 _____ .
    (Respondent or Respondent's Representative)              (Date)

_____
Signature

Form EOIR-43
Rev. Oct. 2006

3

*Exhibit 3*

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an Immigration Judge**

---

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

*(left margin, vertical text):* Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.

Ernesto CORTES FERNANDEZ
A240 103 126

For Official Use Only

**!** **WARNING:** Names and "A" Numbers of everyone appealing the Immigration Judge's decision must be written in item #1.

**2.** I am ☐ the Respondent/Applicant  ☑ DHS-ICE  *(Mark only one box.)*

**3.** I am ☑ DETAINED  ☐ NOT DETAINED  *(Mark only one box.)*

**4.** My last hearing was at ____Omaha, Nebraska____ *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below.* If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).

☐ I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated _____ .

☑ I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated
____July 29, 2025____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? ☑ Yes. ☐ No.)

☐ I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated _____ .

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form EOIR-26
Revised Dec. 2005

**6.** State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

1. The Department of Homeland Security (DHS) is appealing the decision of the Immigration Judge dated 7/29/2025, ordering the respondent released from DHS custody pursuant to INA § 236(a). The respondent, who is present in the United States without admission or parole, is an applicant for admission in INA § 240 removal proceedings and is therefore detained pursuant to INA § 235(b)(2)(A). An "applicant for admission" is an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1). INA § 235 is the applicable immigration detention authority for all applicants for admission.

Applicants for admission "fall into one of two categories, those covered by [INA § 235(b)(1)] and those covered by [INA § 235(b)(2)]." Jennings v. Rodriguez, 583 U.S. 281, 287 (2018). INA § 235(b)(1) applies to aliens subject to expedited removal. See INA § 235(b)(1)(B)(ii), (iii)(IV); Matter of M-S-, 27 I&N Dec. 509 (A.G. 2019) (holding that aliens present without admission or parole placed in expedited removal and later transferred to INA § 240 removal proceedings after establishing a credible fear of persecution or torture are subject to detention under INA § 235(b)(1) and are ineligible for release under INA § 236).

On the other hand, INA § 235(b)(2) "is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by INA [§ 235(b)(1)]." Jennings, 583 U.S. at 287; see INA § 235(b)(2)(A), (B). Under INA § 235(b)(2), an alien "who is an applicant for admission" shall be detained for a removal proceeding "if the examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted." INA § 235(b)(2)(A).

Aliens detained pursuant to INA § 235 may only be released pursuant to DHS's discretionary parole authority under INA § 212(d)(5). Nevertheless, the Immigration Judge ordered the respondent's release from DHS custody pursuant to INA § 236(a).

2. In the alternative, the respondent failed to meet his burden to show he is not a danger to persons or property. See Matter of Urena, 25 I&N Dec. 140 (BIA 2009). See also Matter of Guerra, 24 I&N Dec. 37, 38 (BIA 2006); Matter of Drysdale, 20 I&N Dec. 815, 817 (BIA 1994); Matter of Adeniji, 22 I&N Dec. 1102, 1113 (BIA 1999); 8 C.F.R. § 1236.I(c)(8). The respondent fraudulently used a US citizen's identity to gain employment. He has been served with a Notice of Intent to Fine (NIF) under INA § 274C due to false use of identification documents. If a final order is issued on the NIF, the respondent would be subject to a fine and would be forever inadmissible, subject to limited waivers. The respondent is a danger to the personal property of the community because he chose to steal someone else's identity in disregard of the consequences to the victim. In addition, the respondent was convicted on February 13, 2004 for resisting an officer and on October 11, 2012 for DUI. The respondent was arrested for retail theft on 2002, with an unknown disposition. The respondent was charged with Driving with a Suspended License in 2015. The respondent presented no documentary evidence regarding any of his criminal activities, such as arrest reports or court conviction records. Thus, he has not met his burden to show he is not a danger to the community.

3. The DHS reserves the right to appeal any other issue that may arise upon examination of the record of bond proceedings and the Immigration Judge's written bond memorandum.

*(Attach additional sheets if necessary)*

 **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

**7.** Do you desire oral argument before the Board of Immigration Appeals?    ☐ Yes  ☑ No

**8.** Do you intend to file a separate written brief or statement after filing this Notice of Appeal?    ☑ Yes  ☐ No

 **WARNING:** If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

**9.** SIGN HERE ➡  X _____    8-5-25
Signature of Person Appealing    Date
*(or attorney or representative)*

Form EOIR-26
Revised Dec. 2005

**10.**

| Mailing Address of Respondent(s)/Applicant(s) |
|---|
| Ernesto CORTES FERNANDEZ, c/o LINCOLN CO. JAIL |
| (Name) |
| 302 N. Jeffers St. |
| (Street Address) |
| |
| (Apartment or Room Number) |
| North Platte, NE 69101 |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

**11.**

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|
| Thiel, Olivia |
| (Name) |
| 4223 Center St. |
| (Street Address) |
| |
| (Suite or Room Number) |
| Omaha, NE 68105 |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address. You must use an alien's Change of Address Form (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.**

## PROOF OF SERVICE
### (You Must Complete This)

I Joshua Sleper, Assistant Chief Counsel
_____(Name)_____ mailed or delivered a copy of this Notice of Appeal

on __8-5-25__ to Respondent and counsel
_____(Date)_____      _____(Opposing Party)_____

at LINCOLN COUNTY JAIL 302 N. Jeffers St. North Platte, NE 69101 & ECAS to counsel
_____(Number and Street, City, State, Zip Code)_____

> **SIGN HERE** ➡ X _____
> Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal will be rejected or dismissed.

**HAVE YOU?**

☐ Read all of the General Instructions
☐ Provided all of the requested information
☐ Completed this form in English
☐ Provided a certified English translation for all non-English attachments

☐ Signed the form
☐ Served a copy of this form and all attachments on the opposing party
☐ Completed and signed the Proof of Service
☐ Attached the required fee or Fee Waiver Request

Form EOIR-26
Revised Dec. 2005

EOIR – 3 of 6



## EOIR-43 Senior Legal Official Certification

I certify that I have approved the filing of the notice of appeal in this case according to review procedures established by U.S. Immigration & Customs Enforcement of the Department of Homeland Security.

I further certify that I am satisfied that the evidentiary record supports the contentions justifying the continued detention of the alien and the legal arguments are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing precedent or the establishment of new precedent. Further, the legal arguments, as specifically warranted above, may be premised on the alien being subject to mandatory detention pursuant to 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c).

7/31/25
_____
Date

Jim Stolley
Chief Counsel
Office of the Principal Legal Advisor,
Minneapolis
U.S. Immigration and Customs Enforcement





**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*





**DHS/ICE Office of Chief Counsel - TAC**
**1623 East J Street, Ste. 2**
**Tacoma WA 98421**

Name    A          269

Date of this Notice:   5/22/2025

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam:  <u>Docket</u>



8

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals



MATTER OF:

A███-269

Respondent

**FILED**
May 22, 2025

ON BEHALF OF RESPONDENT:

IN BOND PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Tacoma, WA

Before: Montante, Appellate Immigration Judge

MONTANTE, Appellate Immigration Judge

The respondent, a native and citizen of Guatemala, has appealed the Immigration Judge's April 4, 2025, order denying his request for custody redetermination. On April 7, 2025, the Immigration Judge issued a bond memorandum setting forth the reasons for his decision. The Department of Homeland Security ("DHS") has not responded to the appeal. The appeal will be dismissed.

We review findings of fact determined by an Immigration Judge, including credibility findings, under a "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review questions of law, discretion, and judgment, and all other issues in appeals from decisions of Immigration Judges de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

On February 22, 2025, the respondent was apprehended by immigration officers near Orlando, Florida (IJ at 1; Bond Exh. B-2 at 3). At that time, the respondent told the officers that he last entered the United States without admission or parole near Santa Teresa, New Mexico, on or about September 15, 2015 (IJ at 1; Exh. B-2 at 2). Immigration officers determined that the respondent was inadmissible under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i) (Id.).

We affirm the Immigration Judge's determination that he lacked authority to entertain the respondent's request for a change in custody status because he is subject to mandatory detention under section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2)(A).

We agree with the Immigration Judge that the respondent is an "applicant for admission" despite having been in the United States for over 10 years since his alleged last illegal entry (IJ at 4-5). The INA defines an "alien present in the United States who has not been admitted" or "who arrives in the United States," whether or not at a port of entry, as an applicant for admission INA § 235(a)(1), 8 U.S.C. § 1225(a)(1). The Supreme Court of the United States has made clear that an alien "who tries to enter the country illegally is treated as an 'applicant for admission,'" under

9

A▮▮▮269

section 235(a), "and an alien who is detained shortly after unlawful entry cannot be said to have 'effected an entry'" for the purposes of the immigration laws or the Constitution. *DHS v. Thuraaissigiam*, 591 U.S. 103, 140 (2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). Applicants for admission "who are not *actually* requesting permission to enter the United States in the ordinary sense are nevertheless deemed to be 'seeking admission'" under the immigration laws." *Matter of Lemus*, 25 I&N Dec. 734, 743 (BIA 2012).[1]

We are not persuaded by the respondent's appellate assertion that he is not subject to mandatory detention because DHS never placed him in expedited removal proceedings and instead initiated 240 removal proceedings (Respondent's Br. (unpaginated). While aliens arriving in the United States who are placed in expedited removal proceedings pursuant to section 235(b)(1)(A) of the INA, 8 U.S.C. § 1225(b)(1)(A), and who are referred for consideration of their asylum eligibility are ineligible for release on bond during the pendency of their asylum application because "section 235(b)(1)(B)(ii) requires detention until" the final adjudication of the asylum application. *Matter of M-S-*, 27 I&N Dec. at 516. All other aliens arriving in and seeking admission to the United States who are placed directly in full removal proceedings after failing to establish their admissibility pursuant to section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), are likewise subject to detention "until removal proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018).

Thus, we affirm the Immigration Judge's determination that the respondent is subject to mandatory detention under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and ineligible for bond.[2]

Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.

---

[1] We need not decide whether the respondent is an "arriving alien" as defined by 8 C.F.R. § 1001.1(q), and thus ineligible for bond under 8 C.F.R. § 1003.19(h)(2)(i)(B), because he is an "alien . . . who arrives in the United States" under section 235(a)(1). *See Matter of Q. Li*, 29 I&N Dec. 66, 68, fn. 2 (BIA 2025), citing *Matter of M-S-*, 27 I&N Dec. 509, 518 (A.G. 2019) ("Section 1003.19(h)(2)(i) . . . does not provide an exhaustive catalogue of the classes of aliens who are ineligible for bond.").

[2] Given our determination that the respondent is subject to mandatory detention, we need not reach the Immigration Judge's alternative findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Matter of L-A-C-*, 26 I&N Dec. 516, 526 n.7 (BIA 2015) (declining to reach alternative issues on appeal regarding ineligibility for relief where an applicant is otherwise statutorily ineligible for such relief).

2

/0